EUNICE C. JONES *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT HARTFORD COUNTY FILE NO. 142878

Memorandum filed June 14, 1966

*Eunice C. Jones,* pro se, the plaintiff.

*Harold M. Mulvey,* attorney general, and *Harry Silverstone* and *Carl D. Eisenman,* assistant attorneys general, for the defendant.

PALMER, J. This is an appeal from an award of the unemployment commissioner for the first district which affirmed the decision of the defendant administrator denying the plaintiff's claim for benefits.

The plaintiff appeared pro se. She has not filed any reasons of appeal, as required by the rule. Practice Book § 436. Nor has she made any motion to correct the commissioner's finding. Her appeal recites that she feels "the commissioner was unfair in his decision" when "he states that [she] did not make a reasonable effort to seek work during the period in issue."

The commissioner found that the plaintiff worked in the Hartford office of the internal revenue service from February, 1963, to the date of her separation on August 1, 1964, as a general clerk, and at the end of her employment she was receiving $94.40 a week. Her separation from employment was due to pregnancy. Her baby was born on October 16, 1964. She filed a new claim for unemployment compensation benefits effective March 28, 1965. Her weekly benefit rate was $45. On or about April 6, 1965, she reapplied for her former job, but at that time there was no job available. She commenced working for the Southern New England Telephone Company on May 3, 1965, as a telephone operator trainee at $79.50 a week. During the period in issue, she did not go to more than three establishments in person in any week in the search for work, "thereby failing to meet the requirement to reasonably look for work each week."

Section 31-235 of the General Statutes provides that "[a]n unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found that . . . (2) he is physically and mentally able to work and is available for work . . .

and is making reasonable efforts to obtain work." In the case at bar, the sole issue is whether the plaintiff made reasonable efforts to obtain work.

"An unemployment commissioner is an administrative officer. Upon an appeal from his decision the Superior Court does not try the matter de novo. It is not its function to adjudicate questions of fact. Nor may it substitute its own conclusions for those of the commissioner. It may go no further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally. . . . The courts are bound by the findings of subordinate facts and the reasonable conclusions of fact made by the commissioner." *Bartlett* v. *Administrator,* 142 Conn. 497, 505.

The unchallenged finding here that during the period in issue the plaintiff did not go to more than three establishments in person in any week in her search for work is an adequate basis for the commissioner's conclusion that she failed to meet the statutory requirement that she make reasonable efforts to obtain work. It cannot be said that the commissioner acted unreasonably, arbitrarily, or illegally, and his decision may not be disturbed.

Judgment may enter dismissing the appeal.